ELVIRA SARDO et al., Plaintiffs, *v.* VIRGINIA M. DONNELLAN et al., Defendants.

Supreme Court, Special Term, Kings County, May 17, 1943.

*Edward M. Fuller* for defendants.

*John Dunaif* for plaintiffs.

CUFF, J. Motion by defendants to reargue plaintiffs' motion for an examination before trial. Motion to reargue granted. In his answering affidavit to the original motion, defendants' attorney stated that defendant Frank J. Donnellan " is in the army of the United States and is not available for examination." As stated in effect in the memorandum decision (April 7, 1943), the fact, standing alone, that a person is in the armed forces is not a reason for dispensing with the examination of that person before trial, which examination would be otherwise proper. The assertion in the answering affidavit that the person is not available adds nothing since it is only the affiant's opinion. An affidavit is a reservoir for facts. Opinions and conclusions therein are wasted typing effort — always disregarded. Particulars concerning the defendant's connection with the Army should have been given, then the court could decide his availability. Even the affidavit in support of this motion to reargue, which will be referred to again, is insufficient. It appears that the defendant is at Lakehurst, N. J., which is not far from Kings County, but defendants' attorney still persists in the belief that the mere statement that his client is a member of the armed forces is enough to defeat this motion. Although plaintiffs' application has been known to defendants since before March 26, 1942, the return day, not once does it appear that an application was made by the defendant to be excused by the military authorities for the purpose of the examination. Men in the armed forces are appearing regularly to be examined before trial. Some attend, when stationed nearby, on their time off. Others obtain leaves from their commanders. Places of such

examinations have been made convenient for such men by the party taking the deposition. Often, on a proper showing of military or naval service, the courts have excused attendance, even denied applications under section 288 of the Civil Practice Act for the time being. The opposition to this motion for an examination would not warrant such treatment.

With respect to the other defendant, the original answering affidavit stated, following an improper opinion by affiant, that " This defendant * * * is known to the plaintiffs not to have been in the defendant's car." That is not a statement that she was not in the car, especially in view of plaintiffs' attitude, as gleaned from the proposed items, that that defendant had witnessed the accident. If she were not at the scene of the accident she will not be in a position to give information on some of the items. Had that fact been brought unequivocally to the court's attention, the examination would have been at least modified with respect to her. Failure to properly submit her defense will require her attendance at the examination.

The affidavit of Virginia M. Donnellan submitted in support of this motion contains new matter and must be disregarded.

There is no reason for the court to change its original decision. It is the duty of an attorney to adequately defend against a motion. Bolstering up that defense by addenda is unfair to an opponent who should be required to attend court normally only once on such an application. As the matter stands, Virginia Donnellan will be required to submit to an examination although her information concerning the items may be wholly lacking. With respect to the defendant who is in the armed services, the order which provides that he too appear will not be disturbed. It will be his obligation to apply to Special Term, Part II, for a postponement of the hearing on the return day upon proper and convincing affidavits that his service prevents his attendance. With respect to such a postponement the plaintiffs are not precluded from applying to defendant's commander to arrange for his appearance. The matter of whether or not he shall be present for the examination is not left in the exclusive control of the person seeking to avoid the examination. It is at all times plaintiffs' motion and plaintiffs may exert themselves to produce defendant. Original decision adhered to.